UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOWER VILLAGE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV00180 ERW |
| ) | |
| SERVICE EMPLOYEES ) | |
| INTERNATIONAL UNION, AFL-CIO, ) | |
| CLC LOCAL 2000, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendant's Motion to Dismiss [doc. #10].

**I. BACKGROUND FACTS**[1]

Plaintiff Tower Village, Inc. ("Plaintiff") has brought this action seeking to vacate an arbitration award issued on November 23, 2004 in favor of Defendant Service Employees International Union, AFL-CIO, CLC Local 2000 ("Defendant"). Plaintiff and Defendant are parties to a collective bargaining agreement ("CBA"), and the arbitration award at issue in this case involves the discharge of an employee ("Grievant") covered by the CBA. The CBA sets forth a four-step grievance procedure process: (1) the grievance is brought to the attention of the employee's immediate supervisor; (2) if there is no resolution, the grievance is reduced to writing and filed with the employee's department head; (3) if there is no resolution, the grievance is taken up with the Administrator; (4) arbitration. At Step 3, "[i]f a satisfactory settlement is not reached . . . the matter

---

[1] The Court's recitation of facts is taken from the Complaint. When deciding a motion to dismiss under Rule 12(b)(6), the Court takes all material facts alleged in the complaint as true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999).

1

may be submitted to arbitration provided notice of intention of taking the matter to arbitration is given within fifteen (15) days after the written answer of the Administrator." The CBA contains a special provision for grievances filed by discharged employees; these grievances "shall be submitted to and determined under the grievance procedure specified in Article VII commencing with Step 3 of the grievance procedure."

Grievant was discharged on June 19, 2002. The following day, Grievant filed a grievance claiming that his discharge was unjust. Plaintiff's Administrator answered the grievance on June 24, 2002. Thereafter, Grievant requested a meeting, and the requested meeting was held on July 15, 2002. The parties eventually proceeded to arbitration. The two issues presented at arbitration were whether the grievance was arbitrable and whether Grievant's discharge was unjust. The arbitrator found in favor of Grievant on both issues, concluding that the grievance was arbitrable and that Grievant's discharge was unjust.

## II. MOTION TO DISMISS STANDARD

The standards governing motions to dismiss are well-settled. A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling him or her to relief. *Breedlove v. Earthgrains Banking,* 140 F.3d 797, 799 (8th Cir. 1998)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). When deciding a motion to dismiss under Rule 12(b)(6), the Court must assume that all material facts alleged in the complaint are true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999). The court must view all facts and inferences in the light most favorable to the non-moving party and "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint." *McMorrow*

2

*v. Little*, 109 F.3d 432, 434 (8th Cir. 1997); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 464 (8th Cir. 2002). Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1976).

### III. DISCUSSION

"[A] labor arbitration award should be enforced 'so long as it draws its essence from the collective bargaining agreement.'" *Keebler*, 80 F.3d at 287 (quoting *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)). Thus, an arbitration award in a labor dispute may be vacated "when the award does not derive its essence from the collective bargaining agreement, or when the arbitrator ignores the plain language of the contract." *Id.* The arbitrator may interpret and apply the contract, but, in so doing, the arbitrator may not amend the contract. *Id.* at 288.

Judicial review of an arbitrator's award under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, "is limited to determining whether: (1) the parties agreed to arbitrate; and (2) the arbitrator had the power to make the award that he made." *Keebler Co. v. Milk Drivers & Dairy Employees Union*, 80 F.3d 284, 287 (8th Cir. 1996). A court's review of an arbitration award is "very limited." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001). In fact, "[c]ourts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *Id.* "As long as the

3

arbitrator is arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Bhd. of Maint. of Way Employees v. Soo Line R.R. Co.*, 266 F.3d 907, 910. Importantly, a court's review of a challenge to "procedural arbitrability determinations must be conducted in light of the established principle that such issues should be left to the arbitrator to decide." *Stroh Container Co. v. Delphi Indus., Inc.*, 783 F.2d 743, 748 (8th Cir. 1986).[2] Therefore, a court must "accord even greater deference to the arbitrator's decisions on procedural matters than those bearing on substantive grounds." *Stroh*, 783 F.2d at 749. "When an arbitrator resolves disputes regarding the application of a contract, and no dishonesty is alleged, the arbitrator's 'improvident, even silly, factfinding' does not provide a basis for a reviewing court to refuse to enforce the award." *Garvey*, 532 U.S. at 509 (quoting United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 39 (1987)).[3]

---

[2]In resolving disputes arising in the context of a motion to compel arbitration, courts are often confronted with the question of whether the court or the arbitrator should determine whether a party has sufficiently complied with the procedural requirements of a collective bargaining agreement such that the claim is arbitrable. In the context of a motion to compel, it is well-settled that the question of whether there has been sufficient compliance with procedural requirements is a matter for the arbitrator and not for the court to decide. *See John Wiley & Sons v. Livingston*, 376 U.S. 543, 557-58 (1964); *Int'l Assoc. Of Bridge, Structural, Ornamental, and Reinforcing Ironworkers v. EFCO Corp. and Construction Products, Inc.*, 359 F.3d 954, 956-57 (8th Cir. 2004); *Auto., Petroleum and Allied Indus. Employees Union v. Town and Country Ford, Inc.*, 709 F.2d 509, 514 (8th Cir. 1983); *Bevington & Basile Wholesalers, Inc. v. Local Union No. 46*, 330 F.2d 202, 203 (8th Cir. 1964).

Unlike the courts in the above-cited cases, the *Stroh* court was faced with a motion to vacate an arbitration award, rather than a motion to compel arbitration. In fashioning the proper scope of its review, the *Stroh* court took the above-cited principle into consideration "[i]n translating this rule of deference into a standard of review." *Stroh*, 783 F.2d at 749. Though the *Stroh* court ultimately concluded that it "need not reach for the appropriate articulation of the lesser standard," the court did note that even greater deference should be afforded the arbitrator's decisions when those decisions involve procedural matters. *Id.* at 749.

[3]This is so because the arbitrator's role is "to interpret and apply the relevant collective bargaining agreement." *Bhd. of Maint. of Way Employees v. Soo Line R.R. Co.*, 266 F.3d 907,

Plaintiff's Complaint contains two basic allegations, both of which go to the issue of the procedural arbitrability of Grievant's claim. First, Plaintiff contends that the arbitrator ignored the clear language of Article VIII of the CBA, which states that discharge grievances begin at Step 3 of the grievance process. According to Plaintiff, this resulted in the arbitrator erroneously concluding that neither Plaintiff nor Defendant had acted in strict compliance with the grievance procedure. Second, Plaintiff contends that the arbitrator ignored the provisions of the CBA which state that notice of intent to arbitrate must be provided within fifteen days and that the CBA's time limits will be strictly construed. According to Plaintiff, this error resulted in the arbitrator creating an exception to the CBA's mandate that time limits be strictly construed. Plaintiff claims that these failures to adhere to the clear language of the CBA indicate that the arbitrator acted outside the scope of his authority.[4]

In considering Defendant's Motion to Dismiss the Complaint for failure to state a claim, the court must take care to view all facts and reasonable inferences in the light most favorable to Plaintiff. *See McMorrow*, 109 F.3d at 434. Further, the Court must be mindful that the issue before it on this particular Motion is not whether Plaintiff ultimately will prevail, but is instead whether Plaintiff is entitled to present evidence in support of its claim. *See Schuer*, 416 U.S. at 236. The Complaint alleges that the arbitrator "ignored the clear and unambiguous language of Article VIII of the CBA

---

910 (8th Cir. 2001). *See also Bhd. of Maint. of Way Employees v. Terminal R.R. Assoc. of St. Louis*, 307 F.3d 737, 740 (8th Cir. 2002) (arbitrator has power to interpret ambiguous language in contract provisions).

[4]Pursuant to Section 7.05 of the CBA, "[t]he authority of the arbitrator shall be limited to the interpretation, application or determination of compliance with the provisions of [the CBA]. He/she shall have no authority to add to, subtract from, alter or modify in any way the provisions of [the CBA]."

5

which provides that discharge grievances begin at Step 3 of the grievance process." Compl. ¶ 25. The Complaint also alleges that, in reaching the conclusion that the July 15 meeting between the parties was an extenuating circumstance bearing on the issue of timeliness, the arbitrator "ignored the clear and unambiguous terms of the CBA" by failing to enforce the strict contractual time limits of the CBA. Compl. ¶ 29. In the Motion to Dismiss, Defendant states that the Complaint essentially alleges that the arbitrator made an erroneous factual determination that the grievance was procedurally arbitrable, or, in the alternative, that the arbitrator misinterpreted the CBA regarding the step at which a discharge grievance process begins. Defendant argues that alleged errors of fact or alleged misinterpretations of the contract cannot form a basis for the Court to consider vacating the award. However, the Court must consider the Complaint itself, and not Defendant's characterization of the allegations contained therein. On the face of the Complaint, Plaintiff alleges that the arbitrator impermissibly ignored the clear and unambiguous language of the contract. Pursuant to the Labor Management Relations Act, a court "may vacate an arbitration award when the award does not derive its essence from the collective bargaining agreement, or when the Arbitrator ignores the plain language of the contract." *Keebler*, 80 F.3d at 287. The Complaint alleges that the arbitrator ignored the plain language of the contract in reaching his determination. Thus, the Complaint does state a claim and Defendant's Motion to Dismiss must be denied.[5]

---

[5]As Defendant correctly points out, the Court's review of the arbitration award at issue in this case will be quite limited and deferential. However, in the context of a Motion to Dismiss, the Court merely reviews the Complaint to determine whether Plaintiff has stated a claim for relief; the Court does not reach the merits of the dispute.

The Complaint essentially alleges that the arbitrator ignored the plain language of the CBA in finding that the discharge grievance process begins at Step 1 rather than at Step 3 and in finding that the notice of intent to arbitrate was timely given. According to Plaintiff, these alleged errors by the arbitrator resulted in an award that does not draw its essence from the CBA. According to Defendant, these alleged errors constitute, at most, a misinterpretation of the CBA and a factual

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [doc. #10] is **DENIED**.

Dated this <u>1st</u> day of July, 2005.

                                              _____
                                              E. RICHARD WEBBER
                                              UNITED STATES DISTRICT JUDGE

---

finding with which Plaintiff disagrees, neither of which merit vacating the award. On a Motion to Dismiss, the Court merely determines whether Plaintiff has stated a claim for relief. Therefore, the Court does not reach the merits of whether the arbitrator did in fact ignore the plain language of the CBA. Further, the Court does not determine whether such errors resulted in an award that fails to draw its essence from the CBA or whether such errors were merely the result of a permissible misinterpretation of the CBA or "improvident" factual findings.